U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2020 MAR 10 PM 1:08
CLERK
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE PAIN CDS THAT IS STORED AT PREMISES CONTROLLED BY PRACTICE FUSION | Case No. 2:20-CR-11-WKS |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Erika Broadhurst, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information that is stored at premises owned, maintained, controlled, or operated by Practice Fusion, Inc. ("Practice Fusion"), an electronic communications service/remote computing service provider headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Practice Fusion to disclose to the government records and other information in its possession pertaining to the Pain CDS, as described herein, as described on Attachments A & B hereto, including the contents of communications.

2. I am a Special Agent with the U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations (HHS-OIG), and have been since March 2007.

3. As a Special Agent with HHS-OIG I have investigated numerous allegations of fraud involving programs administered by the U.S. Department of Health and Human Services. I

have also participated in the execution of numerous search warrants related to allegations of health care fraud.

4. I am currently assigned to the HHS-OIG Office of Investigations, Boston Regional Office, and am responsible for investigating allegations of health care fraud occurring in government-sponsored health care benefit programs such as Medicare and Medicaid, and for investigating violations of Federal statutes by individuals or entities that affect HHS programs, providers, grantees, contractors and/or employees. As a result of these investigations, I have reviewed and analyzed financial documents, patient medical records, and billing records. I have participated in numerous such investigations and have assisted in the execution of search and arrest warrants. I have also participated in numerous witness and subject interviews.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 42 U.S.C. § 1320a-7b(b) and 18 U.S.C. §§ 1347 have been committed by Practice Fusion and one or more pharmaceutical companies. There is also probable cause to search the information described in Attachment A for evidence and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), &

(c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

8. On January 27, 2020, Practice Fusion and the United States entered into a Deferred Prosecution Agreement (DPA) in connection with the United States' investigation into Practice Fusion's violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), relating to Practice Fusions solicitation and receipt of remuneration from Pharma Co. X (a pseudonym) in exchange for arranging and recommending the ordering of extended release opioids.

9. As part of the DPA, Practice Fusion admitted a "Statement of Facts," Document 2-4, in case 2:20-cr-11-wks. This Statement of Facts is attached hereto as Exhibit A, and incorporated herein. The Statement of Facts illustrates how in or around 2016 Practice Fusion received slightly less than $1 million in remuneration from an opioid company (Pharma Co. X) in exchange for altering the Practice Fusion software to include a "Pain CDS" with the intent to induce healthcare providers to prescribe more extended release opioids. In the Statement of Facts, Practice Fusion admitted this remuneration constituted a kickback in violation of 42 U.S.C § 1320a-7b(b), and also admitted to conspiring with Pharma Co. X to violate that statute.

10. Pursuant to paragraph 14 of the Statement of Facts, Practice Fusion provided electronic health record services throughout the United States, including in Vermont. According to Practice Fusion records I have reviewed, the Pain CDS reached health care providers in all 50 states.

11. According to a representative of Practice Fusion, the Pain CDS was active on the Practice Fusion platform from July 6, 2016 to April 8, 2019.

12. Based on my familiarity with this investigation, I know that health care providers using the Practice Fusion electronic medical record system can record their medication prescriptions decisions on that system. Practice Fusion stores and has access to that prescription-related data, and has advised that it has preserved the data relating to the opioid prescribing decisions of health care providers using its system during the time period when the Pain CDS was active on the Practice Fusion platform. Because a subset of Practice Fusion users did not receive the Pain CDS alerts, Practice Fusion is able to compare rates of opioid prescription between providers who received the alert and those who did not. In the Statement of Facts Practice Fusion admitted that physicians who received the Pain CDS alerts prescribed extended release opioids at a higher rate than those who did not received the alert.

13. Data relating to patients of health care providers who subscribed to the Practice Fusion electronic medical record system and whose conditions fell within the subgroup of patients for whom the Pain CDS alert was triggered are relevant to understanding the quantity, dosage, and type of opioid prescriptions associated with the Practice Fusion Pain CDS. This data will also assist in identifying the entities who paid and who received payment for these prescriptions. This data therefore constitutes evidence of the violation of the AKS by Practice Fusion and its co-conspirators. This data is also relevant to considerations of forfeiture and restitution relating to the proceeds of the crimes under investigation.

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

14. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Practice Fusion to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B.

This data will be analyzed to assess the prescription and payor data associated with the Pain CDS.

**CONCLUSION**

15. Based on the forgoing, I request that the Court issue the proposed search warrant.

16. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

17. The government will execute this warrant by serving the warrant on Practice Fusion. Because the warrant will be served on Practice Fusion, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

ERIKA BROADHURST
Special Agent, Office of Inspector General,
U.S. Department of Health and Human
Services, Office of Investigations

Subscribed and sworn to before me on March 10, 2020

JOHN M. CONROY
UNITED STATES MAGISTRATE JUDGE